UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. D. VIEREGGE,<br><br>      Plaintiff,<br><br>      vs.<br><br>ALONZO MONK, Individually and as Chief of Staff of Governor of the State of Illinois; ROD R. BLAGOJEVICH, Individually and as Governor of the State of Illinois; ROGER WALKER, JR., Individually and as Director of the Illinois Department of Corrections; JULIE CURRY, Individually and as Deputy Chief of Staff to the Governor of the State of Illinois; MICHAEL RUMMAN, individually and as Director of Central Management Service; and JAMES UNDERWOOD, Individually and as Personnel Director of the Illinois Department of Corrections.<br><br>      Defendants. | Case No. 05-3054<br><br>Honorable Jeanne E. Scott<br><br>JURY DEMAND |

**ANSWER TO COMPLAINT**

Governor Rod R. Blagojevich, Alonzo Monk, Chief of Staff to Governor Blagojevich, Roger Walker, Jr., Director of the Illinois Department of Corrections ("IDOC"), Julie Curry, Deputy Chief of Staff to Governor Blagojevich, Michael Rumman, Director of Central Management Service ("CMS") and James Underwood, Personnel Director of IDOC (collectively the "State Officials"), by their attorneys Jenner & Block LLP, hereby answer the Complaint of plaintiff J.D. Vieregge and assert their affirmative defenses thereto as follows:

      1.      This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1981, 1983, 1985, and 1986, the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 and the Constitution of the United States of America. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 1343.

**ANSWER:** The State Officials admit that the plaintiff attempts to allege claims under the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, and 1986, the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, 28 U.S.C. § 1331, and 1343, and the United States Constitution, but the State Officials deny that the plaintiff has alleged any valid claims. The State Officials further admit that the Court has subject matter jurisdiction over plaintiff's purported claims.

2. Plaintiff J. D. Vieregge (hereinafter referred to as "Vieregge" or "Plaintiff") is a resident of the State of Illinois and a citizen of the United States of America.

**ANSWER:** The State Officials admit the allegations of paragraph 2.

3. Defendant Rod Blagojevich is a resident of the State of Illinois and a citizen of the United States of America. He is sued in his official and individual capacities.

**ANSWER:** The State Officials admit that Governor Rod R. Blagojevich is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts to sue Governor Blagojevich in his official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Governor Blagojevich.

4. Defendant Alonzo Monk is a resident of the State of Illinois and a citizen of the United States of America. He is sued in his official and individual capacities.

**ANSWER:** The State Officials admit that Alonzo Monk is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts to sue Mr. Monk in his official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Mr. Monk.

6. Defendant Roger Walker, Jr. is a resident of the State of Illinois and a citizen of the United States of America. He is sued in his official and individual capacities.

**ANSWER:** The State Officials admit that Director Roger Walker Jr. is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts

to sue Director Walker in his official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Director Walker.

7.   Defendant Julie Curry is a resident of the State of Illinois and a citizen of the United States of America. She is sued in her official and individual capacities.

**ANSWER:**   The State Officials admit that Julie Curry is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts to sue Ms. Curry in her official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Ms. Curry.

8.   Defendant Michael Rumman is a resident of the State of Illinois and a citizen of the United States of America. He is sued in his official and individual capacities.

**ANSWER:**   The State Officials admit that Director Michael Rumman is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts to sue Director Rumman in his official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Director Rumman.

9.   Defendant James Underwood is a resident of the State of Illinois and a citizen of the United States of America. He is sued in his official and individual capacities.

**ANSWER:**   The State Officials admit that James Underwood is a resident of Illinois and a citizen of the United States. The State Officials further admit that plaintiff attempts to sue Mr. Underwood in his official and individual capacities, but the State Officials deny that plaintiff has alleged any valid claim against Mr. Underwood.

10.   At all relevant times hereto Plaintiff was employed by the Illinois Department of Corrections.

**ANSWER:**   The State Officials admit that from October 1, 2002 through June 5, 2003, the plaintiff was employed by IDOC in the position of Warden for the Vandalia Correctional Center. The State Officials deny the remaining allegations of paragraph 10.

11. By a letter in 2003 Plaintiff was advised his employment was being terminated effective immediately.

**ANSWER:** The State Officials admit that on June 5, 2003, the plaintiff was informed by letter that he was in an employment position which permitted the State Officials to terminate plaintiff without cause and exempt from the requirements of Rutan v. Republican Party, 497 U.S. 62 (1990), and that plaintiff was terminated from his former Warden position at Vandalia Correctional Center. Answering further, the letter informed the plaintiff that he would receive two weeks severance pay. The State Officials deny any remaining allegations in paragraph 11.

12. There was nothing in the job duties of Plaintiff's positions that made political considerations a requisite for the position.

**ANSWER:** The State Officials deny the allegations of paragraph 12. Answering further, that State Officials state that the duties inherent in the Warden position for Vandalia Correctional Center are prescribed in the official, written position description maintained as a public record under Illinois law by the Department of Central Management Services ("CMS"). The State Officials attach as Exhibit A to this Answer a true and correct copy of the official CMS position description for the Warden Position for Vandalia Correctional Center (the "Position Description") which plaintiff held. The State Officials deny, based on the duties inherent in the attached official Position Description, that the State Officials were not permitted to take political considerations into account when making personnel decisions with respect to this position because the position was exempt from Elrod v. Burns, 427 U.S. 327 (1976) under the exception outlined in Branti v. Finkel, 445 U.S. 507 (1980). The State Officials state that the Position Description also reflects that the position of Warden was exempt from the provision of the Illinois Personnel Code affording some protection from termination known as "Jurisdiction B." The State Officials deny any remaining allegations of paragraph 12.

# COUNT I

Plaintiff realleges paragraphs 1 through 12 of this Complaint as paragraphs 1 through 12 of Count I as though fully set forth herein.

**ANSWER**: The State Officials hereby incorporate their responses to paragraphs 1-12.

13. At all times relevant hereto Plaintiff had the right to freedom of association as guaranteed his [sic] by the First Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

**ANSWER**: The State Officials admit that under Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990) the First Amendment provides some protection to low-level, non-confidential, non-policy making government employees. Answering further, the State Officials state that the duties inherent in the Warden position for the Vandalia Correctional Center are prescribed in the official, written position description maintained as a public record under Illinois law by the Department of Central Management Services ("CMS"). The State Officials attach as Exhibit A to this answer a true and correct copy of the official CMS position description for the Warden position for the Vandalia Correctional Center which plaintiff held. The State Officials deny, based on the duties inherent in the attached official position description, that the plaintiff was afforded any First Amendment protections under the Rutan decision because the position was exempt from Elrod v. Burns, 427 U.S. 327 (1976) under the exception outlined in Branti v. Finkel, 445 U.S. 507 (1980). The State Officials deny any remaining allegations of paragraph 13.

14. The Defendants termination of Plaintiff's employment on a political basis violated Plaintiff's rights as guaranteed him by the First Amendment to the United States Constitution.

**ANSWER**: The State Officials deny the allegations of paragraph 14.

16. Defendants acted under color of state law.

**ANSWER**: The State Officials admit that at certain times in their employment with the State they acted under the color of state law, but the lack of any time frame in paragraph 16

renders the allegations therein too vague to permit an answer thereto, and the State Officials therefore deny the allegations of paragraph 16.

17. As a result of termination of Plaintiff's employment, Plaintiff has suffered loss of wages and other fringe benefits in excess of Seven Hundred Fifty Thousand ($750,000.00), he as also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the potential inability to pursue her [sic] chosen career, wherefore, Plaintiff is entitled to damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

**ANSWER:** The State Officials deny the allegations of paragraph 17.

18. The termination of Plaintiff was done is knowing violation of his rights as protected by the First and Fourteenth Amendments to the United States Constitution or reckless disregard of said rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

**ANSWER:** The State Officials deny the allegations of paragraph 18.

WHEREFORE, the State Officials request that this Court enter judgment on their behalf and against plaintiff, and order such other relief as the Court may deem equitable, just, and proper.

## COUNT II

Plaintiff realleges paragraphs 1 through 12 of this Complaint as though fully set forth herein.

**ANSWER**: The State Official hereby incorporate their responses to paragraphs 1-18.

19. Prior to his termination Plaintiff had a property interest in continued employment pursuant to the Illinois Personnel Code and Personnel Rules.

**ANSWER:** The State Officials deny the allegations of paragraph 19. Answering further, that State Officials state that Illinois law confers certain civil-service-type protections in the Illinois Personnel Code, but only to lower level positions that fall within what is referred to as "Jurisdiction B." As a Warden, plaintiff's position was expressly exempted from any provisions which would have conferred upon him a property interest in continued employment with the state.

20. Plaintiff met every legitimate employment performance expectation of the State of Illinois, the Illinois Department of Corrections, and the Illinois Department of Central Management Services.

**ANSWER:** The State Officials lack sufficient information to form a belief as to the truth of the allegations of paragraph 20, and therefore deny the allegations of paragraph 20.

21. Acting under color of state law Defendants terminated Plaintiff's employment without affording any due process.

**ANSWER:** The State Officials deny the allegations of paragraph 21.

22. As a result of termination of Plaintiff's employment, Plaintiff has suffered loss of wages and other fringe benefits in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00), he has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the potential inability to pursue his chosen career, wherefore, Plaintiff is entitled to damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

**ANSWER:** The State Officials deny the allegations of paragraph 22.

23. The termination of Plaintiff was done in knowing violation of his rights as protected by the First and Fourteenth Amendments to the United States Constitution or reckless disregard of said rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00)

**ANSWER:** The State Officials deny the allegations of paragraph 23.

WHEREFORE, the State Officials request that this Court enter judgment on their behalf and against plaintiff, and order such other relief as the Court may deem equitable, just, and proper.

## Affirmative Defenses

1. The plaintiff's complaint fails to state a claim for which relief can be granted because plaintiff was exempt from the protections of <u>Rutan v. Republican Party</u>, 497 U.S. 62 (1990) and he was exempt from the provision of the Illinois Personnel Code affording him certain civil-service-type protections, know as "Jurisdiction B." Moreover, his termination conformed with all the requirements of the Illinois Personnel Code and the Personnel Rules.

2.  Damages against the State Officials in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

3.  Damages against the State Officials in their individual capacities are barred by the doctrine of qualified immunity.

4.  Plaintiff failed to mitigate his damages.

WHEREFORE, the State Officials request that this Court enter judgment on their behalf and against plaintiff, and order such other relief as the Court may deem equitable, just, and proper.

THE STATE OFFICIALS DEMAND A TRIAL BY JURY ON ALL CLAIMS ASSERTED IN THE COMPLAINT.

Respectfully submitted,

ALONZO MONK, ROD R. BLAGOJEVICH, ROGER WALKER, JR., JULIE CURRY, MICHAEL RUMMAN, and JAMES UNDERWOOD

Dated: June 2, 2005

By: /s/ David Jiménez-Ekman
One of Their Attorneys

Jeffrey D. Colman
David Jiménez-Ekman
Acting as Special Assistant Attorneys General
John R. Storino
Damon D. Perry
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484

CHICAGO_1246452_4

## CERTIFICATE OF SERVICE

      I, David Jiménez-Ekman, an attorney, hereby certify that on June 2, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John E. Kerley
Kerley & Associates, P.C.
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704

                                          /s/ David Jiménez-Ekman
                                          David Jiménez-Ekman (Bar # 6210519)
                                          Attorney for Defendant
                                          JENNER & BLOCK LLP
                                          One IBM Plaza
                                          Chicago, Illinois 60611
                                          Telephone: (312) 222-9350
                                          Facsimile: (312) 527-0484

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| J. D. VIEREGGE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALONZO MONK, Individually and as )<br>Chief of Staff of Governor of the State of )<br>Illinois; ROD R. BLAGOJEVICH, )<br>Individually and as Governor of the State )<br>of Illinois; ROGER WALKER, JR., )<br>Individually and as Director of the )<br>Illinois Department of Corrections; )<br>JULIE CURRY, Individually and as )<br>Deputy Chief of Staff to the Governor of )<br>the State of Illinois; MICHAEL )<br>RUMMAN, individually and as Director )<br>of Central Management Service; and )<br>JAMES UNDERWOOD, Individually )<br>and as Personnel Director of the Illinois )<br>Department of Corrections. )<br>)<br>Defendants. ) | Case No. 05-3054<br><br>Honorable Jeanne E. Scott<br><br>JURY DEMAND |

**EXHIBIT INDEX FOR ANSWER**

The State Officials submit this Exhibit Index as an attachment to their Answer to Complaint in the above-captioned case:

Exhibit A: Position Description for Warden, Vandalia Correctional Center.

                                                     Respectfully submitted,

                                                     GOVERNOR ROD R. BLAGOJEVICH, ALONZO MONK, ROGER WALKER JR., JULIE CURRY, MICHAEL RUMMAN AND JAMES UNDERWOOD

Dated: June 2, 2005                                         By: __s/ David Jiménez-Ekman__

Jeffrey D. Colman
David Jiménez-Ekman
Acting as Special Assistant Attorneys General
John R. Storino
Matthew R. Devine
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
Telephone: 312-222-9356
Facsimile: 312-840-7515
djimenez-ekman@jenner.com

EXHIBIT A



**ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES**

# POSITION DESCRIPTION

| 1. POSITION TITLE | WORKING TITLE (IF ANY) | BILINGUAL CODE | POSITION TITLE OPTION CODE | 2. POSITION NUMBER |
|---|---|---|---|---|
| Existing Position | | | | |
| New / Revised Position Sr. Public Service Adm. | Warden | | 7 | 40070-29-87-000-00-01 |

| 3. AGENCY | 4. BUREAU / DIVISION | 5. EXMT CODE | 6. WORK COUNTY | 7. A/I AUTH. | 8. AUDIT | 9. OFFICE USE |
|---|---|---|---|---|---|---|
| Existing Position | | | | | | |
| New / Revised Position Corrections | Vandalia Corr. Center | 2 | 026 | N | R | |

| 10. SECTION | 11. UNIT | 12. TRANSACTION CODE | 13. EFFECTIVE DATE |
|---|---|---|---|
| Existing Position | | | |
| New / Revised Position Administration | | ☐ MA021 ESTABLISH<br>☐ MC022 EXEMPT CODE CHANGE<br>☐ MC024 POSITION NO. CHANGE<br>☒ MC026 CLARIFY<br>☐ MC027 ADDITIONAL IDENTICAL CHANGE<br>☐ MC028 WORK COUNTY CHANGE<br>☐ MD021 ABOLISH<br>☐ MC149 DOWNWARD REALLOCATION<br>☐ MC150 LATERAL REALLOCATION<br>☐ MC158 UPWARD REALLOCATION | 05-01-99 |

| 14. WORK LOCATION | 15. BARGAINING / TERM CODE | RUTAN EXEMPT |
|---|---|---|
| Existing Position | | |
| New / Revised Position Fayette County | EX000 | Y |

### 16. COMPLETE, CURRENT AND ACCURATE STATEMENT OF POSITION ESSENTIAL FUNCTIONS

Subject to management approval of the Asst. Deputy Director of District 4, administers and directs the overall operations, programs and activities of the Vandalia ~~River~~ Correctional Center; formulates policy, procedures, rules, regulations and institutional directives for employees and inmates; directs, assigns, evaluates work activities and areas of responsibility for all department heads; plans and approves facility's fiscal budget.

**35%** 1. Formulates, implements rules, regulations, directives, policies and procedures governing employees and inmates; plans and directs overall operations, programs and activities of facility; directs pivotal employees in assigned areas assuring efficient operation of institution; applies preventive security measures enforcing policy and procedures avoiding potentially threatening issues.

RECEIVED MAY 21 1999

Classification Administration

**20%** 2. Directs and evaluates program responsibility; monitors for effective operations of facility; coordinates and evaluates programs, security, custodial measures; pursues ongoing compliance with existing administrative directives and department rules; assigns and reviews staff work; conducts evaluations; approves time off; resolves grievance.

**15%** 3. Plans and directs facility budget; reviews and implements fiscal responsibility of expenditures and resources; establishes standards for safekeeping and guarantee of inmate trust funds and other funds within the facility.

**15%** 4. Consults with court officials, law enforcement personnel and their agencies regarding care and custody of inmates; represents DOC in communicating with

| DIRECTOR OF CMS SIGNATURE | IMMEDIATE SUPERVISOR SIGNATURE | AGENCY HEAD SIGNATURE | DATE |
|---|---|---|---|
| *[signature]* | | *Donald N. Snyder* | |

CMS-104 (Rev. 10/94) IL 401-0794

| 16. (CONTINUED) | | |
|---|---|---|
| % OF TIME | | |
| | | the media; complies with laws cited by the State of Illinois in operation of facility; ensures legal decrees are implemented per court order, |
| 05% | 5. | Conducts inspections of overall physical plant, equipment and grounds for safety, security, sanitation, efficiency, maintenance and to assure operational effectiveness of facility; makes recommendations; ensures follow-up for corrective action; directs development of facility new construction and renovation of existing plant and capital projects. |
| 05% | 6. | Speaks before civic groups and organizations to discuss programs of the facility and Department of Corrections. |
| 05% | 7. | Performs other duties as required or assigned which are reasonably within the scope of the duties enumerated above. |

**17. POSITION TITLE AND NUMBER OF IMMEDIATE SUPERVISOR** (Responsible for assigning and reviewing work, preparing, conducting and signing performance evaluations; effectively recommending and imposing disciplinary action and adjusting grievances for the incumbent of this position.)

Sr.. Public Service Adm. 40070-29-04-410-00-01

**WORKING TITLE (IF ANY)** ~~Asst. Dep. Dir. District 4~~

**18. CHECK THE APPROPRIATE BOX IF THIS POSITION IS A:**

☒ SUPERVISOR  OR  ☐ LEAD WORKER

NOTE: Supervisory or lead worker responsibilities <u>must</u> be described in a detailed duty statement(s) with a time percentage(s) allotted.

If a box was checked above, list position title, position number, and number of subordinate incumbents or authorized funded head count:

| Position Title | Position Number | No. of Incumbents or Funded Vacancies |
|---|---|---|
| Executive Sec. III | 14033-29-87-000-00-01 | 1 |
| Public Service Adm | 37015-29-87-100-00-01 | 1 |
| Sr. Public Serv. Adm. | 40070-29-87-200-00-01 | 1 |
| Sr. Public Serv. Adm. | 40070-29-87-300-00-01 | 1 |
| Adm. Assistant II | 00502-29-87-000-10-01 | 1 |

**19. SPECIALIZED KNOWLEDGES, SKILLS, ABILITIES, LICENSURE OR CERTIFICATION NECESSARY FOR THE SUCCESSFUL PERFORMANCE OF THE WORK OF THIS POSITION.** <u>NOTE: SINCE THERE ARE NOW SEVERAL OPTIONS OF SKILLS AND ABILITIES AND LICENSURE OR CERTIFICATION IDENTIFIED ON STANDARDS, THE PHRASE "SAME AS SPECIFICATION" CAN NO LONGER BE USED.</u>

Requires knowledge, skill and mental development equivalent to completion of college with courses in sociology, penology, psychology and social welfare; requires four years correctional management experience in a correctional facility or public or private service organization; requires through knowledge of public and business administration, principles and practices; requires through knowledge of agency programs and service objectives, activities and operational systems; requires thorough knowledge of staff utilization and employee motivation; thorough knowledge of labor and management development; requires extensive knowledge of agency policies and procedures..