E-FILED
Tuesday, 19 July, 2005  02:41:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| J.D. VIEREGGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-3054 |
| v. | ) | |
| | ) | Honorable Jeanne E. Scott |
| ALONZO MONK, Individually and as Chief of Staff of Governor of the State of Illinois; ROD R. BLAGOJEVICH, Individually and as Governor of the State of Illinois; ROGER WALKER, JR., Individually and as Director of the Illinois Department of Corrections, JULIE CURRY, Individually and as Deputy Chief of Staff to the Governor of the State of Illinois and MICHAEL RUMMAN, Individually and as Director of Central Management Service, JAMES UNDERWOOD, Individually and as Personnel Director of the Illinois Department of Corrections, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT REPORT OF PARTIES AND PROPOSED SCHEDULING PLAN

On July 15, 2005, Plaintiffs' attorney John E. Kerley and Defendants' attorney John R. Storino of Jenner & Block LLP participated in a scheduling conference via telephone pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Counsel considered the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, and developed the following proposed discovery plans:

1. **Nature of the Case**: In Count I, Plaintiff has asserted an alleged patronage dismissal claim in violation of the First Amendment. In Count II, Plaintiff has asserted an alleged due process violation.

2. Since the parties could not agree on a proposed joint discovery plan, the Defendant's plan and the Plaintiff's plan have been submitted in the alternative.

3. **Defendants' Discovery Position**: The Defendants will file a Motion for Summary Judgment by August 1, 2005 on the issue that the duties inherent in Plaintiff's former Warden position at Vandalia Correctional Center make political affiliation an appropriate requirement for the position under Branti v. Finkel, 445 U.S. 507, 518 (1980). Accordingly, pursuant to Federal Rule of Civil Procedure 26(f)(2), the Defendants submit that any discovery at this time should be limited to the discovery that the Plaintiff contends he needs, under Federal Rule of Civil Procedure 56(e), to respond to the Defendants' Motion for Summary Judgment and the issue of the duties inherent in the Plaintiff's former position as Warden. Under the qualified immunity doctrine, further discovery regarding the actual motive for the Plaintiff's termination will only be necessary, and should only be permitted, if that Branti issue is resolved in favor of the Plaintiff. Thus, the Defendants respectfully submit that the setting of discovery deadlines required by Local Rule 16.2(E) is unnecessary at the present time.

4. **Plaintiff's Discovery Plan**: The Plaintiff submits that discovery should not be limited at this time, and submits the following discovery deadlines:

   a. Initial disclosures under Rule 26 to be made by September 25, 2005.

   b. No motions to join other parties or to amend the pleadings to be filed after December 1, 2005.

   c. All Plaintiffs are to identify testifying experts and to provide Rule 26 expert reports by March 6, 2006. All Defendants are to identify testifying experts and to provide Rule 26 expert reports by May 20, 2006. Failure to comply with Rule

26 of the Federal Rules of Civil Procedure in disclosing experts shall disqualify the expert witness.

d. The parties have until July 3, 2006 to complete fact discovery. Any written discovery to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until August 1, 2006 to complete expert discovery.

e. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.

  f.  The parties have until August 30, 2006 to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

Respectfully submitted:

| Plaintiff, | Defendants, |
|---|---|
| J. D. Vieregge | Rod R. Blagojevich, Alonzo Monk, Roger Walker, Jr., Julie Curry, Michael Rumman, and James Underwood |
| By: s/John E. Kerley<br>John E. Kerley<br>Bar Number 06201458<br>Attorney for Plaintiff<br>Kerley & Associates, P.C.<br>2131 West White Oaks Drive, Suite B-2<br>Springfield, IL 62704<br>Telephone: (217) 698-0007<br>Facsimile: (217) 726-0006<br>Email: lawyerjohn@aol.com | By: s/David Jiménez-Ekman<br>David Jiménez-Ekman<br>Bar Number 6210519<br>Attorney for Defendants<br>Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL 60611-7603<br>Telephone: (312) 222-9350<br>Facsimile (312) 840-7683<br>Email: djimenez-ekman@jenner.com |

## CERTIFICATE OF SERVICE

I, David Jiménez-Ekman, an attorney, hereby certify that on July 19, 2005, I electronically filed the foregoing Joint Report of Parties and Proposed Scheduling Plan with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John E. Kerley
Kerley & Associates, P.C.
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704

/s/ David Jiménez-Ekman
David Jiménez-Ekman (Bar # 6210519)
Attorney for Defendant
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

CHICAGO_1284685_2